FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 16, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LYNN L. JACKSON,<br><br>            Plaintiff,<br><br>vs.<br><br>CURTIS L. LIEDKIE,<br><br>            Defendant. | No. 2:24-cv-00023-SAB<br><br>**ORDER DENYING REPORT AND RECOMMENDATION AS MOOT AND DENYING MOTION FOR APPOINTMENT OF PRO BONO COUNSEL**<br><br>**ECF Nos. 4, 5** |

Before the denying Court is the Report and Recommendation (ECF No. 5) recommending the denial of Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") and Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 4).

**I.    Indigency**

The Report and Recommendation recommends denial of Plaintiff's IFP application because the "alleged household resources exceed what the Court deems to be the resources of an indigent household." ECF No. 5. On February 14, 2024, Plaintiff paid the full filing fee and simultaneously asked this Court to reconsider the Report and Recommendation. ECF No. 6. The Court construes Plaintiff's

ORDER - 1

response as an objection to the recommendation. Plaintiff states that while he is trying to "make ends meet" and save money, payment of the filing fee causes him to wonder how he will "pay for food for the next month." ECF No. 7 at 1. However, Plaintiff's IFP application states that his monthly expenses are approximately 40% of his take-home pay, which exceeds $2,000 per month. ECF No. 3. Assuming Plaintiff's own identification of expenses is accurate, Plaintiff's application shows limited income and no assets, but does not show that paying a filing fee would deprive him of "the necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). Because Plaintiff has paid the filing fee, his application to proceed *in forma pauperis* is moot. In addition, because he has paid the fee, Plaintiff's Complaint is not subject to the screening requirement for IFP actions. *Butler v. Leen*, 4 F.3d 772, 773 (9th Cir. 1993).

## II.    Appointment of Counsel

There is no constitutional right to court-appointed counsel in federal civil litigation. Although a court may request that an attorney represent an indigent litigant in cases where appointment is deemed warranted, here, Plaintiff has not demonstrated that he is indigent. *See* E.D. Wash. General Order 16-114-1, 28 U.S.C. § 1915(e)(1). Plaintiff states he needs legal assistance to "ensure all paperwork is filed correctly and all deadlines are met." ECF No. 7. Plaintiff may find the Court's public website helpful as it contains the Court's Local Civil Rules

ORDER - 2

as well as information specifically geared to self-represented litigants. *See* https://www.waed.uscourts.gov/information-self-represented-litigants.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Court does not adopt the Report and Recommendation, **ECF No. 5**, because Plaintiff has paid the filing fee. The Report and Recommendation and Plaintiff's Application to Proceed IFP are therefore rejected as moot.

2. Plaintiff's Motion for Appointment of Counsel, ECF No. 4, is **DENIED**.

The District Court Executive is directed to enter this Order, forward copies to counsel and mail a copy to the *pro se* Plaintiff.

DATED February 16, 2024.



Stanley A. Bastian
Chief United States District Judge

ORDER - 3