FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 05, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LYNN L. JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CURTIS L. LIEDKIE,<br><br>    Defendant. | No. 2:24-CV-00023-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 13. Plaintiff is *pro se*. Defendant is represented by Scott Flage. The motion was considered without oral argument.

After reviewing the briefs, caselaw, and case record, the Court **grants** Defendant's motion.

### BACKGROUND

This case was filed in the United States District Court for the Eastern District of Washington on January 26, 2024. Plaintiff claims Defendant violated his Fourteenth Amendment rights to due process and seeks recovery under 42 U.S.C. § 1983. He also seeks a new trial and $19,369,738 in economic, non-economic, and punitive damages.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** * 1

In 2014, Plaintiff was convicted of second-degree attempted rape of a child and fourth-degree assault in Asotin County Superior Court. He waived his right to a jury trial and proceeded to a bench trial. He appealed his conviction.

On November 19, 2015, the Washington Court of Appeals affirmed Plaintiff's convictions. On April 27, 2016, the Washington Supreme Court denied Plaintiff's request for discretionary review. Plaintiff then filed a Personal Restraint Petition ("PRP") with the Washington Court of Appeals on October 27, 2016, which the court dismissed on April 18, 2017. The Washington Supreme Court denied review on October 24, 2017. The Appeals Court issued a Certificate of Finality on January 9, 2018.

On March 26, 2018, Plaintiff filed a Writ of Habeas Corpus under 28 U.S.C. § 2254. This Court denied the Writ on July 25, 2019.

In this case, Plaintiff claims Defendant violated his constitutional rights by misleading the courts and committing fraud by protecting his superior's wife during Plaintiff's 2014 trial. Defendant prosecuted Plaintiff in Asotin County. The chief prosecutor at the time was Benjamin Nichols, who was married to Jackie Nichols, an Asotin County detective. Detective Nichols participated in the investigation and arrest of Plaintiff.

Plaintiff states Defendant protected Detective Nichols because she violated the Washington Privacy Act under Wash. Rev. Code § 9.73.030 by recording, without his permission, a conversation between Plaintiff and the victim's mother. At the time of the phone call, the mother was in Idaho, and a Lewiston Police Department detective and Detective Nichols were present. The Washington Court of Appeals summarized the relevant facts:

> Present to the meet with the pair were Detective Jackie Nichols of the Asotin County Sheriff's Office, a victim advocate from Asotin County, and Lewiston Police Department Detective Jason Leavitt. MM preferred to talk solely with the female detective, so Detective

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 2**

> Nichols interviewed her while Detective Leavitt spoke with DM [mother]. Leavitt requested that DM call Mr. Jackson to talk about the incidents when MM was younger in Lewiston and record the conversation in the detective's presence. Detective Nichols was advised about the plan and told DM to avoid any discussion of incidents in Washington. DM and Mr. Jackson spoke with Leavitt listening in and passing notes to DM suggesting questions to ask. Detective Nichols in the other room could "basically hear" what was going on.
>
> After the telephone conversation and interview with MM were complete, the two detectives went to Mr. Jackson' house in Clarkston and spoke with him. He agreed to allow the interview to be recorded. He told the detectives that he had fallen in love with MM and had asked her on March 15 what she would do if he attempted to rape her. When she began crying, he let go of her wrists and handed her a gun and asked her to shoot him. She threw it away. He also discussed earlier incidents in Washington and Idaho that MM had discussed with the detective.

*State v. Jackson*, 2015 WL 7356456 (Wash. Ct. App. 2015).

During trial, Plaintiff filed a motion *in limine* to prohibit the recorded conversation as a violation of the Washington Privacy Act. The trial court, in addressing the motion, indicated the prosecution could not offer testimony on what was said in the phone call "at this time," but never admitted the contents of the call into the trial record. This Court addressed the issue of the phone call in its denial of Plaintiff's Writ of Habeas Corpus, finding:

> Petitioner's Fourth Amendment claim also fails because Petitioner was given a fair opportunity to litigate the basis of his claim in state court. The United States Supreme Court has instructed that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 481 (1976). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Newman v. Wengler*, 790 F.3d 876, 880

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 3**

(9th Cir. 2015).

> In this case, the record shows Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim based on an alleged violation of the Washington Privacy Act. Prior to trial, Petitioner's trial counsel filed a motion *in limine* requesting the trial court prohibit the prosecution from playing any recorded conversation between Petitioner and D.M., and to prohibit any witness from mentioning anything about the contents of the telephone call. [. . .] Petitioner's counsel also argued against the admissibility of the recording at a pretrial motion hearing. [. . .] While the trial court ultimately did not rule on the issue, neither the recording nor the contents of the conversation were ever admitted at trial. [. . .] The Washington Court of Appeals rejected Petitioner's claim on appeal, finding no violation of the Washington Privacy Act. [. . .]

*Jackson v. Uttecht*, 2019 WL 3364390, at *5 (E.D. Wash., July 25, 2019) (unreported) (record citations omitted).

Plaintiff now accuses Defendant of fraud because he alleges Defendant misled and lied to the trial court and appellate courts about Detective Nichols' participation in the phone call from Idaho. Further, when the Washington Court of Appeals addressed the fraud in their opinion denying his appeal, they continued to perpetuate the lies.

He claims all evidence stemming from that initial violation of the Washington Privacy Act should not have been allowed at trial. Further, every judge that reviewed Plaintiff's evidence of fraud continued to commit fraud by failing to rule in his favor. Plaintiff also states he was found guilty in a "sham trial" and "spent nearly 10 years in prison for a crime that never actually happened."

Defendant now seeks summary judgment on the claim, asserting several defenses that bar recovery.

## MOTION STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 4**

there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant argues Plaintiff's 42 U.S.C. § 1983 claims for violation of his Fourteenth Amendment rights to due process must be dismissed because the claims are barred by (1) the *Heck* Doctrine, (2) the statute of limitations, (3) res judicata, and (4) prosecutorial immunity. The Court looks at each in turn.

**Heck *Doctrine***

Defendant first claims a defense under the *Heck* doctrine because he argues Plaintiff is seeking recovery for a violation of his rights during his state court trial but without first overturning the conviction. Plaintiff argues he is not seeking to

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 5**

challenge the validity of his conviction, and only seeks recovery for an alleged violation of his rights during trial.

In *Heck v. Humphrey*, the Supreme Court denied recovery to a plaintiff seeking damages under 42 U.S.C. § 1983 because the constitutional violation the plaintiff alleged was based on unconstitutional acts committed during his arrest and prosecution. 512 U.S. 477, 486–87 (1994). A plaintiff must first overturn or bring into question their conviction before they can recover any damages. *See Lyall v. City of Los Angeles*, 807 F.3d 1178, 1190 (9th Cir. 2015). The Supreme Court, *see Spencer v. Kemna*, 523 U.S. 1 (1998), and Ninth Circuit, *see Lyall*, 807 F.3d at 190–92, have wrestled with the boundaries of the *Heck* bar, mostly related to any conflict with habeas petitions. But the Ninth Circuit has stated, "relief from *Heck* 'affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters, not challenges to an underlying conviction.'" *Lyall*, 807 F.3d at 1192 (quoting *Nonnette v. Small*, 316 F.3d 872, 878 n.7 (9th Cir. 2002)).

Here, no reviewing courts brought Plaintiff's underlying conviction into question, and Plaintiff's allegations in the present case relate to the investigation and prosecution of his crime. He is arguing the prosecutor defrauded the trial court by lying about evidence of a phone call he alleges was made in violation of the Washington Privacy Act and which violated his constitutional rights to due process. Plaintiff claims he is not seeking to overturn his conviction, but he states in his Response, "[a]ll rulings by all courts should be deemed null and void [. . .]."

Though Plaintiff is no longer a prisoner, he is still challenging events that occurred in the prosecution of his underlying conviction, which no court has overturned. Plaintiff's claims are *Heck* barred.

### Statute of Limitations

Defendant next claims Plaintiff's Complaint is barred by the statute of limitations because Plaintiff filed the current case nearly ten years after the incident that led to his claims.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 6**

For actions brought under 42 U.S.C. § 1983, courts apply the statute of limitations for personal injury actions in the forum state. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington State, the statute of limitations for personal injury actions is three years. *See* Wash. Rev. Code § 4.16.080(2); *see also Boston v. Kitsap Cnty.*, 852 F.3d 1182, 1185 (9th Cir. 2017).

Plaintiff argues the statute of limitations does not apply here because the fraud continued to happen over the course of ten years post-conviction. However, the facts do not support this assertion. Plaintiff's Complaint alleges Defendant committed fraud on the trial court by protecting Detective Nichols and the phone call made during the investigation into his crime. That event occurred around his conviction in 2014.

The Washington Supreme Court denied review of his appeal in 2016 and denied review of his Personal Restraint Petition in 2017. This Court denied his habeas petition in 2019. Even if any of those reviews paused the tolling of the statute of limitations, Plaintiff filed this case in 2024, five years after the last denial and nearly ten years after his conviction and the incident in question.

Plaintiff's Complaint is barred by the statute of limitations, pursuant to 42 U.S.C. § 1983 and the Washington statute of limitations for personal injury cases.

### *Res Judicata*

Defendant also argues Plaintiff's claims are barred by res judicata or claim preclusion because Plaintiff previously litigated the issue of the recorded private conversation and the claims Defendant was committing fraud on the court to protect his superior's wife, Detective Nichols. Those claims were denied.

Res judicata does not allow for a party to relitigate issues that have a final judgment, and "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In Washington, for res judicata to apply, the "prior

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 7**

judgment must have a concurrence of identity with a subsequent action in (1) subject matter, (2) cause of action, and (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made." *Loveridge v. Fred Meyer, Inc.*, 125 Wash. 2d 759, 763 (1995) (en banc). The court considering the defense must find all four factors. *See Hisle v. Todd Pac. Shipyards Corp.*, 151 Wash. 2d 853, 866 (2004).

Before trial, Plaintiff moved the trial court to bar evidence of the phone call and its contents because he alleged the recording was created in violation of the Washington Privacy Act. Though the trial court reserved its ruling on the motion *in limine* for trial, the phone call and contents were never brought into the record. The appellate court addressed the issue of the alleged fraud, conflict with Defendant and Detective Nichols, and the phone call; it ruled the allegations were unfounded and the Washington Privacy Act was not violated. *See State v. Jackson*, 2015 WL 7356456 at *4 (Wash. Ct. App. 2015).

In his Complaint and Response, Plaintiff argues fraud is an exception to res judicata, and the trial court allowed the fraud to occur by not addressing the illegal phone call. But the trial court did address the fraud by considering the motion *in limine* on the phone call, and though it ultimately did not rule on its admission, the phone call contents and recording never made it into the trial or record. Further, both the Washington appellate court and this Court ruled on the allegations of fraud, and they denied Plaintiff's appeals and habeas petition. Plaintiff had a full and fair opportunity to litigate the basis of his Fourth Amendment claim related to the phone call. Further, there is no evidence or facts to support Plaintiff's allegations the trial court, appellate court, and other reviewing courts committed a conspiracy or continuing fraud by refusing to find in his favor on the issue of the phone call.

Given this claim involves the same (1) phone call, (2) fraud allegations, (3) the Plaintiff and Defendant, as the representative of the state and prosecutor at trial,

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 8**

and (4) the persons against whom the Plaintiff claims fraud, and the issue was already addressed by appellate courts and this Court, Plaintiff's claim is barred by the doctrine of res judicata or claim preclusion.

### *Prosecutorial Immunity*

Lastly, Defendant claims a defense of prosecutorial immunity because Plaintiff's allegations relate entirely to the actions taken by Defendant during Plaintiff's trial and in his role as an Asotin County prosecutor.

Prosecutorial immunity is intended to ensure the proper functioning of the criminal justice system because it protects prosecutors from excessive interference with their duties. *See Imbler v. Pachtman*, 424 U.S. 409, 422–23 (1976). Here, Defendant was acting in his role as a prosecutor when he considered the phone call evidence for trial and its admissibility. Defendant is immune from suit on this issue because prosecutors are entitled to absolute immunity for actions considered "traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). Absolute immunity is "immunity from suit rather than a mere defense to liability." *Butler v. San Diego Dist. Attorney's Off.*, 370 F.3d 956, 963 (9th Cir. 2004) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Absent a showing of facts clearly in violation of established law, immunity stands. *Id.* at 964.

Plaintiff's claims that Defendant violated his constitutional rights by committing fraud and using evidence in violation of the Washington Privacy Act cannot survive a defense of prosecutorial immunity in this case.

Given there is no dispute as to material facts and numerous defenses weigh in favor of dismissal, Defendant is entitled to judgment as a matter of law. No reasonable jury would find in Plaintiff's favor in this case.

//
//
//
//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 9**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 13, is **GRANTED**.

2. The Clerk of Court is directed to enter judgment for Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, to provide copies to counsel and *pro se* Plaintiff, and **close** the file.

**DATED** this 5th day of September 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** * 10